UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LISA A. ALLEN,

*Plaintiff-Appellant,*

v.

BALTIMORE COUNTY GOVERNMENT,

*Defendant-Appellee,*

and

BALTIMORE COUNTY POLICE DEPARTMENT,

*Defendant.*

No. 02-2220

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CA-01-863)

Submitted: March 7, 2003

Decided: March 25, 2003

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Edward P. Murphy, ALLEWALT & MURPHY, P.A., Towson, Maryland, for Appellant. Edward J. Gilliss, County Attorney, Paul McLane Mayhew, Assistant County Attorney, Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Lisa A. Allen appeals the district court's order granting summary judgment in favor of her former employer, the Baltimore County Police Department and the Baltimore County Government, on her claims of pregnancy discrimination, sex discrimination, retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002). We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix, the supplemental joint appendix and the district court's order. We conclude the district court properly determined Allen failed to establish that she suffered from an adverse employment action and therefore could not establish a prima facie case of sex or pregnancy discrimination or retaliation. *See Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). Furthermore, the district court properly concluded Allen had not established that she was constructively discharged. *See Taylor v. Virginia Union Univ.*, 193 F.3d 219, 237 (4th Cir. 1999). Accordingly, we affirm on the reasoning of the district court. *See Allen v. Baltimore County Gov't*, No. CA-01-863 (D. Md. filed Sept. 17, 2002; entered Sept. 18, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*